IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | | |
|---|---|---|
| Brent Daigle, | ) | **ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |
| Petitioner, | ) | |
| vs. | ) | Case No. 3:21-cv-59 |
| United States of America, | ) | |
| Respondent. | ) | |

| | | |
|---|---|---|
| United States of America, | ) | Case No. 3:16-cr-13 |
| Plaintiff, | ) | |
| vs. | ) | |
| Brent Daigle, | ) | |
| Defendant. | ) | |

Before the Court is Defendant Brent Daigle's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed on March 15, 2021. Doc. No. 152. The Government responded in opposition to the motion on July 30, 2021. Doc. No. 164. Daigle filed a reply on August 13, 2021. Doc. No. 166.

In addition to his § 2255 motion, Daigle also filed a flurry of ancillary motions and supporting documents, including a "Motion for Discovery and to Produce Documents" (Doc. No. 160), "Motion for Expansion of Record" (Doc. No. 162), a "Motion for Evidentiary Hearing" (Doc. No. 167), two "Motions to Appoint Counsel" (Doc. Nos. 168, 171), a "Motion for Status Report and Hearing" (Doc. Nos. 169, 171), and a "Motion to Amend or Correct" (Doc. No. 170). For the reasons below, all the motions are denied.

I.     **BACKGROUND**

On November 9, 2015, Daigle's wife, Celetra, made a report to Griggs County, North Dakota Sheriff Robert Hook that she believed her twelve-year-daughter, R.M., had been sexually abused by Daigle, the minor's stepfather. See Doc. No. 66. Following the report, a forensic interview was arranged at the Red River Children's Advocacy Center on November 12, 2015. Id. During the interview, R.M. stated that Daigle had been sexually abusing her since she was seven years old. Id. She provided clear details concerning the sexual abuse and stated Daigle would take video recordings with his cell phone of the abuse. Id. To that end, she also provided a description of Daigle's cell phone – a silver phone in a camouflage case with tan rubber parts. Id.

The next day, November 13, 2015, law enforcement officers obtained a search warrant from a State of North Dakota district court judge and conducted a search of the family residence. Id. They recovered several electronic devices; however, Daigle's cell phone – which R.M. had described as a silver phone in a camouflage case – was not among the devices because Daigle was in Louisiana. Id. Later that day, though, Daigle was arrested in Louisiana on North Dakota state charges because of R.M.'s forensic interview. Id. The arresting officers seized a silver LG cell phone in a camouflage case with tan rubber parts from Daigle. Id. In December 2015, the same State of North Dakota district court judge issued a warrant to search Daigle's cell phone. Id. Ultimately, the forensic examination of Daigle's cell phone found deleted videos of Daigle sexually abusing R.M. Id.

Daigle was indicted by a federal grand jury on January 21, 2016. Doc. No. 1. A superseding indictment was filed on June 15, 2016, charging Daigle with three counts of sexual exploitation of a minor in violation of 18 U.S.C. §§ 2251(a) and (e) and one count of possession of materials involving the exploitation of minors in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). Doc. No. 29. Daigle was represented by Assistant Federal Public Defender Christopher Lancaster.

Daigle filed a motion to suppress evidence pursuant to the search warrant on February 3, 2017. Doc. No. 52. An evidentiary hearing was held (Doc. No. 65), and the Court denied Daigle's motion. Doc. No. 66.

On October 23, 2017, Daigle entered into a plea agreement with the United States. Doc. No. 91, 92. In the plea agreement, Daigle agreed to plead guilty to the superseding indictment but expressly reserved the right to appeal the denial of his suppression motion. Id.

Daigle entered his guilty plea on January 26, 2018. Doc. No. 102. United States District Court Judge Daniel L. Hovland presided over the change of plea hearing. At the hearing, the Court reviewed the superseding indictment with Daigle and informed him of the applicable penalties. Doc. No. 124. Daigle affirmed he had spoken with his attorney about his potential sentencing guidelines range and indicated he had no criticism or complaints about the legal assistance and advice he had received from his attorney. Id. at 11-13. Daigle verified he had read, understood, and wanted to enter into the plea agreement and accompanying supplement. Id. at 13. Daigle also stated that no one had threatened him or made any assurances beyond those in the plea agreement to entice him to plead guilty. Id. at 14. He also confirmed he made a "conscious, voluntary decision" to plead guilty. Id. at 13.

Judge Hovland held a sentencing hearing on July 19, 2018. Doc. No. 118. The Court adopted the Presentence Investigation Report ("PSIR") and calculated the total offense level at a 43. Doc. No. 130. The PSIR designated Daigle in criminal history category I. Doc. No. 110. The advisory guideline range therefore rested at life imprisonment. The Court sentenced Daigle to 360 months' imprisonment on counts one and two to run consecutive with each other; 360 months' imprisonment on count three to run concurrent with counts one and two; and, 120 months on count 4 to run consecutive to counts one and two, for a total of 840 months' imprisonment. Doc. No. 119.

Consistent with his plea agreement, which reserved the right for Daigle to appeal the suppression motion, Daigle appealed the judgment. Doc. No. 121. The Eighth Circuit Court of Appeals affirmed the denial of the suppression motion and Daigle's sentence on January 14, 2020 (Doc. No. 149) and issued a mandate on March 17, 2020. Doc. No. 150. Daigle timely submitted his 28 U.S.C. § 2255 motion on March 15, 2021. Doc. No. 152.

## II.  LEGAL STANDARD

A motion under 28 U.S.C. § 2255 affords relief "in several circumstances, including cases shown to contain jurisdictional errors, constitutional errors, and errors of law." Raymond v. United States, 933 F.3d 988, 991 (8th Cir. 2019) (citing 28 U.S.C. § 2255(b)). "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Fletcher v. United States, 858 F.3d 501, 505 (8th Cir. 2017) (quoting Jennings v. United States, 696 F.3d 759, 762 (8th Cir. 2012)). An evidentiary hearing is required unless the allegations in the motion are inherently incredible, contradicted by the record, merely conclusory, or would not entitle the petitioner to relief even if true. Roundtree v. United States, 751 F.3d 923, 926-27 (8th Cir. 2014). The movant bears the burden to demonstrate an entitlement to relief. Golinveaux v. United States, 915 F.3d 564, 567 (8th Cir. 2019).

## III.  DISCUSSION

In his § 2255 motion, Daigle raises four claims – (1) the Court committed "plain error" in violation of Federal Rule of Criminal Procedure 11 by accepting his guilty plea; (2) Judge Hovland "abandoned his judicial role an acted with actual or apparent bias and did not perform the duties of the office impartially;" (3) his attorney provided ineffective assistance of counsel; and, (4) the Court committed "plain error" affecting his substantial rights under 18 U.S.C. § 3231. The Court addresses each claim below.

### A. Knowing and Voluntary Plea

Daigle first challenges his plea by asserting his plea was not knowing and voluntary. He appears to argue that when a plea is not knowing and intelligent, the Court must review it for plain error. However, the plain error standard of review applies to arguments raised for the first time on direct appeal. United States v. Ochoa-Gonzalez, 598 F.3d 1033, 1036 (8th Cir. 2010) (stating, on direct appeal under 28 U.S.C. § 1291, "Because she did not make this argument in the district court, this Court reviews only for plain error."). Daigle has completed the direct appeal process and now seeks collateral postconviction relief under § 2255.[1]

The standard of review applicable to a claim for collateral relief requires a prisoner to "clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). And notably, "the circumstances under which a guilty plea may be attacked on collateral review" are "strictly limited." Bousley v. United States, 523 U.S. 614, 621 (1998). In Bousley, the Supreme Court stated it is "well settled" that a voluntary and intelligent guilty plea "may not be collaterally attacked." Id. (citing Mabry v. Johnson, 467 U.S. 504, 508 (1984)). Moreover, because habeas review "is an extraordinary remedy," that "will not be allowed to do service for an appeal," the question of whether a plea was voluntary and intelligent can be attacked on collateral review only if it was first challenged on direct review. Id. "[T]he concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." Id. at 621 (quoting United States v. Timmreck, 441 U.S. 780, 784 (1979)).

Here, as in Bousley, because Daigle did not challenge the validity of his plea on direct appeal, his claim is procedurally defaulted. Id. When a claim has been procedurally defaulted, a

---

[1] The Court notes that Daigle knowingly and voluntarily waived collateral review in his plea agreement. Doc. No. 91, ¶ 19; Doc. No. 124, p. 21-24.

defendant may raise it on collateral review only under limited circumstances, after demonstrating (1) cause and actual prejudice, or (2) actual innocence. Id. at 622 (citations omitted).

Daigle makes no claim of actual innocence, and he has failed to establish cause and actual prejudice. "'[C]ause' under the cause and prejudice test must be something external to the [defendant], something that cannot be fairly attributed to him." Coleman v. Thompson, 501 U.S. 722, 753 (1991) (emphasis in original). Daigle argues "cause" exists based on his ineffective assistance of counsel claim, and to be sure, ineffective assistance of counsel may constitute sufficient cause to excuse procedural default. Murray v. Carrier, 477 U.S. 478, 488 (1986). Here, however, as discussed in more detail below in section C, Daigle's ineffective assistance claim fails and cannot establish cause for overcoming a procedural default because his counsel did file an appeal challenging the one remaining issue Daigle reserved for appeal – the motion to suppress. That cannot establish ineffective assistance of counsel. See Thomas v. United States, 951 F.2d 902 (8th Cir. 1991); Walker v. United States, 810 F.3d 568, 579 (8th Cir. 2016). Without ineffective assistance of counsel as cause of his procedural default, Daigle is barred from arguing his Rule 11 claim in this § 2255 motion.

Moreover, even assuming *arguendo* Daigle could overcome the procedural default, which he cannot, the record conclusively refutes any Rule 11 challenge. Daigle claims the Court lacked sufficient information to conclude his plea was "knowing and voluntary and not the result of force reflecting the lawyers [sic] agenda." Doc. No. 152. The record decisively proves otherwise.

Indeed, Daigle's own statements at his change of plea hearing disprove his claim. Statements made under oath in open court "carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). "[A] defendant's representations during the plea-taking . . . pose a formidable barrier in any subsequent collateral proceedings." Thompson v. United States, 872 F.3d 560, 566 (8th Cir. 2017) (alteration in original) (quoting Nguyen v. United States, 114 F.3d

6

699, 703 (8th Cir. 1997)). At his change of plea hearing, Daigle expressed satisfaction with his attorney's representation, professed he had ample time to discuss the decision to plead guilty with counsel, stated multiple times he wanted to plead guilty, and disavowed that anyone had forced him to plead guilty. Doc. No. 124. He also affirmed that pleading guilty was his "conscious, voluntary decision." Id. Daigle offers nothing more than conclusory allegations that his plea was not knowing and voluntary, which is not sufficient to overcome the presumption of verity. See Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985) ("[A] challenge based on an absence of voluntariness must state specific facts to overcome the presumption of verity which attached to the in court representations."). Even setting aside Daigle's procedural default, the record decisively refutes Daigle's claim, and as a result, § 2255 relief on his Rule 11 claim is denied.

  **B. Actual or Apparent Bias**

For his second claim, Daigle asserts that Judge Hovland "abandoned his judicial role and acted with actual or apparent bias and did not perform the duties of the office impartially." Doc. No. 152. In support of his claim, Daigle raises a plethora of conclusory assertions against Judge Hovland.

"A habeas petitioner seeking reversal of his conviction on due process grounds because of the trial judge's alleged bias must demonstrate that the judge was actually biased or prejudiced against the petitioner." Dyas v. Lockhart, 705 F.2d 993, 996 (8th Cir. 1983). The United States Supreme Court has articulated two circumstances that merit a conclusive presumption of actual bias: one, where the judge has a pecuniary interest in the outcome of a trial; and two, where the judge has been "the target of personal abuse or criticism from the party before him." Withrow v. Larkin, 421 U.S. 35, 47 (1975). In assessing claims of judicial bias, the United States Supreme Court has instructed courts to presume the honesty and integrity of those serving as judges. Dyas, 705 F.2d at 997.

Like Daigle's first claim, Daigle's second claim is procedurally defaulted, and the Court incorporates here its above discussion and analysis of the procedural default. See Denoyer v. United States, 33 F.3d 57 (8th Cir. 1994) (unpublished) (holding that a claim of judicial bias is the type of claim which should be made on direct appeal, not in a § 2255 motion). Without demonstrating cause and actual prejudice for his procedural default, Daigle is barred from arguing his Rule 11 claim in this § 2255. Additionally, assuming *arguendo* Daigle could overcome the procedural default, his conclusory allegations of actual or apparent bias are not supported by any factual allegations that would give rise to a claim of bias See Blackledge v. Allison, 431 U.S. 63, 74 (1977) (stating the "presentation of conclusory allegations supported by specific facts is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); see also United States v. Shannon, 56 F.3d 69 (8th Cir. 1995) (unpublished) (rejecting conclusory claims of judicial bias). Daigle does not allege Judge Hovland had any pecuniary interest in his case and trial, and he does not allege that Judge Hovland was the target of any personal abuse or criticism. Thus, without any factual support, Daigle's second claim for relief is without merit and is denied.

### C.   Ineffective Assistance of Counsel

Daigle's third claim is based on several claimed violations of his Sixth Amendment right to effective assistance of counsel. To obtain relief on an ineffective assistance of counsel claim, a petitioner must satisfy the two-prong test announced in Strickland v. Washington, 466 U.S. 668, 687 (1984). For the first prong, a petitioner must establish constitutionally deficient representation, meaning counsel's performance fell below an objective standard of reasonableness. Meza-Lopez v. United States, 929 F.3d 1041, 1044 (8th Cir. 2019). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. "Judicial scrutiny of counsel's performance must

be highly deferential." Id. at 689. Courts view the representation from counsel's perspective at the time of the alleged error to avoid the effects of hindsight and second-guessing. Kemp v. Kelley, 924 F.3d 489, 500 (8th Cir. 2019). A petitioner must overcome a strong presumption that defense counsel provided "adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690; see also Camacho v. Kelley, 888 F.3d 389, 394 (8th Cir. 2018). Strategic decisions made after a thorough investigation of the law and facts are virtually unchallengeable. United States v. Orr, 636 F.3d 944, 950 (8th Cir. 2011).

To satisfy the second prong, a petitioner must demonstrate that prejudice resulted from the deficient representation. Strickland, 466 U.S. at 687. To do so, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Adejumo v. United States, 908 F.3d 357, 361 (8th Cir. 2018) (quoting Strickland, 466 U.S. at 694). A reasonable probability is one "sufficient to undermine confidence in the outcome." Wiggins v. Smith, 539 U.S. 510, 534 (2003) (quoting Strickland, 466 U.S. at 694). When evaluating the probability of a different result, courts view the totality of the evidence to gauge the effect of the error. Williams v. United States, 452 F.3d 1009, 1013 (8th Cir. 2006).

Additionally, when a petitioner raises multiple claims of ineffective assistance, each claim must be examined individually, rather than collectively. Hall v. Luebbers, 296 F.3d 685, 692-93 (8th Cir. 2002). Here, Daigle asserts several claims of ineffective assistance, so the Court addresses each claim below.

### 1. Failing to Investigate and Introduce Evidence

For his first ineffective assistance subclaim, Daigle argues that his defense attorney failed to investigate and introduce evidence "that was reliable and readily available." He generally asserts he disagreed with his attorney as to the "material factual circumstances" and how to proceed with his case. Doc. No. 152.

As noted above, "'strategic choices made after a thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after a less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.'" United States v. Orr, 636 F.3d 944, 952 (8th Cir. 2011) (quoting Strickland, 466 U.S. at 690-91). Recognizing the "tempt[ation] for a defendant to second-guess counsel's assistance after conviction or adverse sentence," Strickland, 466 U.S. at 689, the Court established that counsel should be "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," id. at 690. To overcome that presumption, a defendant must show that counsel failed to act "reasonabl[y] considering all the circumstances." Id. at 688.

Here, Daigle does not offer any facts or details as to what evidence his attorney failed to investigate. He also fails to explain how any additional investigation would have resulted in him not pleading guilty and going to trial. Without any additional facts or factual allegations, the Court is left with conclusory and non-specific allegations that cannot overcome the presumption of reasonable assistance. See United States v. Lefkowitz, 289 F. Supp. 2d 1076, 1088 (D. Minn. 2003) ("[T]he fact that [the movant] later regrets foregoing a plea offer and proceeding to trial is not evidence of ineffective assistance of counsel."). As a result, his claim fails under Strickland.

### 2. Aiding in Fraud

Second, Daigle alleges his attorney engaged in a fraud against him. He fails to allege any facts or substance in support of his claim. Because this claim consists of a single, conclusory allegation, the claim does not overcome the presumption of reasonable assistance, and as a result, the claim fails under Strickland.

### 3. Providing False Information to Mislead the Court

Third, Daigle asserts that his attorney provided false information to the Court. Once again, Daigle fails to allege any facts or substance in support of his claim and does not offer anything more than the conclusory allegation that his attorney provided false information. Because this claim consists of a single, conclusory allegation, the claim does not overcome the presumption of reasonable assistance, and as a result, the claim fails under Strickland.

### 4. Failing to Introduce Impeachment Evidence

Fourth, Daigle alleges his attorney should have introduce evidence that would have impeached witnesses for the Government. Curiously, Daigle's claim does not fit with the procedural posture of his case, given that his case resolved on a plea agreement and did not go to trial. Regardless, Daigle fails to allege any facts or substance in support of his claim and does not offer anything more than the conclusory allegation that his attorney provided false information. Because this claim consists of a single, conclusory allegation, the claim does not overcome the presumption of reasonable assistance, and as a result, the claim fails under Strickland.

### 5. Failing to Introduce Evidence that Government Misled the Court

Fifth, Daigle asserts his attorney failed to introduce evidence that the Government misled the Court. Daigle fails to allege any facts or substance in support of his claim and does not offer anything more than the conclusory allegation that his attorney failed to introduce evidence. Because this claim consists of a single, conclusory allegation, the claim does not overcome the presumption of reasonable assistance, and the claim fails under Strickland.

### 6. Not Attempting to Plea Bargain

Sixth, Daigle alleges his attorney did not attempt to plea bargain. Like Daigle's fourth subclaim, this argument gives the Court pause given the procedural posture of his case and the fact that Daigle did enter into a plea agreement with the Government. Nonetheless, even construing

11

Daigle's claim as an argument that his attorney should have secured him a more favorable plea agreement, "there is no constitutional right to plea bargain." Nguyen, 114 F.3d at 703. Additionally, Daigle fails to articulate facts to support his claim and cannot overcome the presumption of reasonable assistance. As a result, his claim fails under Strickland.

### 7. Compelled Against One's Will

Seventh, Daigle claims his attorney "did compel against [his] will." Beyond that conclusory allegation, Daigle fails to explain or allege any facts in support of his claim. Because the claim consists of a single, conclusory allegation, the claim does not overcome the presumption of reasonable assistance, and as a result, the claim fails under Strickland.

### 8. Failure to File Full Record on Appeal

Eighth, Daigle asserts his attorney failed to file a full record on appeal. Daigle does not explain or make any additional allegations as to what his attorney failed to include in the record on appeal. Indeed, there was no indication by the Eighth Circuit Court of Appeals that the record on appeal was incomplete or missing information. See United States v. Daigle, 947 F.3d 1076 (8th Cir. 2020). Without more, the claim consists of a single, conclusory allegation, the claim does not overcome the presumption of reasonable assistance, and as a result, the claim fails under Strickland.

### 9. Failing to Raise Arguments on Direct Appeal

For his final ineffective assistance subclaim, Daigle argues his counsel was ineffective for failing to raise arguments requested by Daigle on direct appeal. Daigle does not indicate what arguments or claims he believes should have been raised by his attorney on direct appeal.

"A criminal defendant is entitled to effective assistance of counsel on a first appeal as of right." Estes v. United States, 883 F.2d 645, 648 (8th Cir. 1989). "The Sixth Amendment does not

require that counsel raise every colorable or non-frivolous claim on appeal." New v. United States, 652 F.3d 949, 953 (8th Cir. 2011). Additionally, the Eighth Circuit Court of Appeals has stated:

> Where, as here appellate counsel competently asserts some claims on a defendant's behalf, it is difficult to sustain a[n] ineffective assistance claim based on allegations that counsel was deficient for failing to assert some other claims. This is because one of appellate counsel's functions is to winnow the available arguments and exercise judgment about which are most likely to succeed on appeal.

Walker, 810 F.3d at 579. "It is difficult to overcome Strickland's presumption of reasonableness unless the ignored issues are clearly stronger than those presented." Id. (citations omitted).

Here, Daigle's attorney did raise the denial of his suppression motion and related issues on direct appeal, which was the sole issue reserved for appeal in Daigle's plea agreement. See Daigle, 947 F.3d at 1076. Although Daigle maintains his counsel failed to raise arguments on direct appeal, he does not identify what specific arguments his counsel failed to raise. Moreover, Daigle neither compares the strength of these unspecified claims to the claims on appeal his attorney did assert, nor does he otherwise cast doubt on his attorney's strategic decisions not to raise other arguments on appeal. Without more, the Court is left with only conclusory allegations that do not overcome Strickland's presumption of reasonableness. As a result, Daigle's final claim fails under Strickland.

In total, none of Daigle's nine subclaims as to his ineffective assistance of counsel claim satisfies the two-prong Strickland test for ineffective assistance. Daigle has not demonstrated constitutionally deficient representation and that counsel's performance fell below an objective standard of reasonableness. Additionally, and as noted above, all of Daigle's subclaims offer only conclusory allegations that do not overcome the presumption of reasonable assistance. Accordingly, Daigle's third claim for relief is without merit and is denied.

### D. Interstate Commerce

For his final § 2255 claim, Daigle asserts "plain error" affecting his substantive rights under 18 U.S.C. § 3231. According to Daigle, "Daigle did not affect interstate commerce and so was not

subject to commerce clause regulation." Doc. No. 152. To that end, Daigle appears to challenge the jurisdiction for his convictions under 18 U.S.C. §§ 2251(a) and 2252(a). Daigle also notes that, as to this jurisdictional claim, his "attorney's performance fell below an objective standard of reasonableness."

Turning first to Daigle's jurisdictional argument, including whether his crimes affected interstate commerce, § 2251(a) criminalizes the production of child pornography that "was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means." "Section 2252(a) criminalizes knowing possession of such material." See United States v. Hampton, 260 F.3d 832, 834 (8th Cir. 2001). The Eighth Circuit Court of Appeals has repeatedly upheld the validity of § 2251(a) and § 2552(a) against commerce clause attacks. Id.; see United States v. McCloud, 590 F.3d 560, 568 (8th Cir. 2009); United States v. Pliego, 578 F.3d 938, 944 (8th Cir. 2009); United States v. Nichols, 574 F.3d 633, 637 (8th Cir. 2009); United States v. Betcher, 534 F.3d 820, 824 (8th Cir. 2008).

Here, the record contains more than sufficient evidence to establish the necessary jurisdictional nexus. Specifically, Daigle recorded three sexual abuse acts by video on his cell phone, which he transported from North Dakota to Louisiana. At his change of plea hearing, Daigle admitted to making the videos on his cell phone. Doc. No. 124. The record is clear that the child pornography was produced using materials that had traveled in interstate commerce, and Daigle transported materials containing child pornography when he fled from North Dakota to Louisiana, all of which is sufficient to establish jurisdiction. See Pliego, 578 F.3d at 944. Accordingly, Daigle's constitutional and jurisdictional attack fails.

To the extent Daigle also raises an ineffective assistance claim on the jurisdictional question, this claim is also without merit and fails under the Strickland test. Considering the Eighth Circuit case law noted above, it is not unreasonable that Daigle's attorney did not raise the

jurisdictional argument during the course of Daigle's case, as there is no legal authority to support his argument. Additionally, Daigle's attorney was not ineffective for failing to raise a meritless claim on appeal. See Thomas, 951 F.2d at 904-05. Again, the Court is left with only conclusory allegations that do not overcome Strickland's presumption of reasonableness. Thus, to the extent Daigle's jurisdictional claim asserts a claim for ineffective assistance, that claim fails under Strickland.

### E. Evidentiary Hearing

Section 2255(b) requires an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." No hearing is necessary "if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003).

After careful review of the file and all of Daigle's substantive § 2255 claims, the record decisively refutes each claim presented by Daigle. Additionally, and as discussed above, Daigle offers merely conclusory allegations and no statements of fact in support of his § 2255 claims and motion. As such, dismissal without an evidentiary hearing is warranted. See Calkins v. United States, 795 F.3d 896, 900 (8th Cir. 2015).

### F. Motions for Discovery and Expansion of Record

Daigle has also filed separate motions for discovery and for production of documents and for expansion of record pursuant to Rule 6 Governing Section 2255 Proceedings. Doc. No. 160; Doc. No. 162. The Government responded to the motion on August 2, 2021. Doc. No. 165.

As a general rule, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Newton v. Kemna, 354 F.3d 776, 783

(8th Cir. 2004) (quoting Bracy v. Gramley, 520 U.S. 899, 904 (1997)). The Court "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Rule 6(a), Rules Governing Section 2255 Cases in the United States District Courts ("2255 Rules"). To determine whether good cause exists, the Court must:

> identify the essential elements of the petitioner's substantive claim, evaluate whether specific allegations . . . show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, and, if the petitioner has made such allegations, provide the necessary facilities and procedures for an adequate inquiry.

Newton, 354 F.3d at 783 (alterations in original) (internal citations and quotation marks omitted). The party requesting discovery must also provide reasons for the request and must specify any requested documents. Rule 6(b), § 2255 Rules. "Federal habeas discovery is the exception rather than the rule." Prentice v. Baker, No. 3:10–cv–00743, 2013 WL 1182065, at *2 (D. Nev. Mar. 19, 2013).

Here, Daigle has not met the "good cause" requirement because the proposed discovery Daigle seeks would not show that he is entitled to habeas relief. As explained above, several of Daigle's claims are procedurally defaulted, and to the extent Daigle's plea-bargaining claim could be construed to meet the Rule 6 standard for specificity, discovery of those documents would not entitle him to habeas relief. Simply put, discovery is unwarranted, and the Court denies Daigle's motion for discovery (Doc. No. 160) and motion for expansion of record (Doc. No. 162).

### G.    Appointment of Counsel

The Court declines to appoint counsel for Daigle. The appointment of counsel for the purpose of preparing a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is not required by the Constitution, but there may be circumstances where the right exists under statute. Phelps v. United States, 15 F.3d 735, 737 (8th Cir. 1994). The Court "may appoint counsel

for a habeas petitioner if 'the interests of justice so require.'" Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994) (quoting 18 U.S.C. §§ 3006A(a)(2), (a)(2)(B)). "To determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors." Id. Rule 8(c) of the Rules Governing Section 2255 Proceedings dictates that, where an evidentiary hearing is necessary, counsel must be appointed for a party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.

Here, the claims raised by Daigle are conclusory and frivolous allegations with no statements of fact or support in fact. Assistance from court appointed counsel would be of little benefit to the Court or to Daigle in understanding the law and the facts related to Daigle's § 2255 motion. Further, there is no need for an evidentiary hearing that would necessitate the appointment of counsel. Accordingly, the Court finds that the interests of justice do not require the appointment of counsel to assist Daigle in his § 2255 motion, and Daigle's motions to appoint counsel (Doc. No. 168, Doc. No. 171) are denied.

## IV. CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant legal authority. For the reasons above, Daigle's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. No. 152) is **DENIED**. Consistent with this order, Daigle's motion for discovery and to produce documents (Doc. No. 160), motion for expansion of record (Doc. No. 162), motion for evidentiary hearing (Doc. No. 167), motions to appoint counsel (Doc. No. 168, 171), motion for

status report (Doc. No. 169), and motion to amend or correct (Doc. No. 170) are also **DENIED**. This matter is hereby **DISMISSED WITH PREJUDICE** and without an evidentiary hearing.

The Court certifies that an appeal from the denial of the motion may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). Based upon the entire record, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, the Court will not issue a certificate of appealability. Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983); Tiedeman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997). If Daigle desires further review of his motion, he may request a certificate of appealability from a circuit judge of the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated this 18th day of February, 2022.

/s/ Peter D. Welte
Peter D. Welte, Chief Judge
United States District Court